UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 07-22360-CIV-MORENO

ALBERTO GERARDO DIAZ,

    Plaintiff,

vs.

ALBERTO R. GONZALEZ, *et al*.,

    Defendants.

_____/

## ORDER GRANTING MOTION FOR REMAND

Plaintiff Alberto Gerardo Diaz is a citizen of Cuba who seeks, pursuant to 8 U.S.C. § 1447(b), favorable adjudication of his naturalization application or, in the alternative, an order compelling the representatives of the United States Citizenship Immigration Services ("USCIS") to adjudicate his application. Defendants move to remand the matter to USCIS for completion of the administrative process. This Court has previously held that because Congress unequivocally set a 120-day time limit upon "examination" for adjudicating applications for naturalization, and the term "examination" as used in 8 U.S.C. § 1447(b) means the initial USCIS application interview, it has jurisdiction over this matter. The Court decides to follow its own prior rulings, along with those of the many courts that have previously decided this issue, and remands to the USCIS to make a determination on Plaintiff's application within a specified time.

### BACKGROUND

Plaintiff Alberto Diaz is a sixty-five year old citizen of Cuba. Since January 1, 1983, Plaintiff has been a lawful permanent resident of the United States. Plaintiff filed an application

for naturalization, Form N-400, with the USCIS on December 22, 2001. Defendants initiated background checks for Plaintiff upon receipt of his application. The USCIS interviewed him in connection with his application on December 3, 2002. At that time, Plaintiff also passed the required exams in English, U.S. History, and Government. As of the date of this Order, the Federal Bureau of Investigations ("FBI") had not completed the requested background checks.

Defendants assert they a discrepancy exists with Plaintiff's alien registration number. Plaintiff's exhibits reflect an alien registration number of A22-634-389. However, USCIS records reflect that this number has been assigned to someone else, and Plaintiff's number is A28-313-793. Defendants claim that the discrepancy was recently discovered, and the Miami immigration office is working on solving the issue. Consequently, the USCIS has yet to render a decision on Plaintiff's application. As a result, Plaintiff filed the instant Petition for an order granting naturalization or an order of *mandamus*. The Defendants filed a motion to remand the action to the USCIS for adjudication.

## SUBJECT MATTER JURISDICTION

Article III Courts are courts of limited jurisdiction and may act only in cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2006). Plaintiff does not ask this Court to redress a violation of the United States Constitution. Rather, this action arises under federal statute. Plaintiff seeks (1) judicial review of his naturalization application in this Court pursuant to 8 U.S.C. § 1447(b) because the 120-day period following her initial examination has elapsed; or (2) an order compelling Defendants to make a determination on her application pursuant to the *Mandamus* Act, 28 U.S.C. § 1361; or (3) the

Administrative Procedure Act, 5 U.S.C. § 702 *et seq*. ("APA").  Defendants move to remand the matter to the USCIS for determination.

The Attorney General has the "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a) (2006).  Section 1446(a) of Title 8 of the United States Code instructs the Attorney General to designate USCIS employees to conduct examinations for examinations of applicants and determine whether such applications should be granted or denied. Id. § 1446(a).  However, Congress has conferred jurisdiction upon a district court in two situations.  First, an applicant may petition for a *de novo* review of a denied application in district court "after a hearing before an immigration officer under section 1447(a) of this Title." Id. § 1421(c).  Second, an applicant may petition a district court for a hearing on the application if USCIS fails to render a decision on the application "before the end of the 120-day period after the date on which the examination is conducted." Id. § 1447(b).  Here, Plaintiff relies on section 1447(b) of Title 8 of the United States Code, which provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

In the instant matter, Defendants concede that more than 120 days have elapsed since Plaintiff's first interview on December 3, 2002.  This Court has previously held that the term "examination" refers to the date of the first interview, which triggers the running of Defendants' 120-day clock to adjudicate the application.  See Silebi De Donado v. Swacina, 486 F. Supp. 2d

1360 (S.D. Fla. 2007); see also Rodriguez v. Gonzales, No. 07-20022-CIV-UNGARO, slip op. at 4 (S.D. Fla. Mar. 20, 2007); Garcia v. Gonzales, No. 06-22386-CIV-LENARD/TORRES, slip op. at 5-6 (S.D. Fla. Dec. 22, 2006); Machado v. Gonzales, No. 06-22202-CIV-DIMITROULEAS, slip op. at 4 (S.D. Fla. Dec. 19, 2006); Malakhov v. U.S. Citizenship & Immigration Servs., No. 06-22299-CIV-JORDAN, slip op. at 1 (S.D. Fla. Dec. 8, 2006); Fernandez v. Gonzales, No. 06-22442-CIV-SEITZ/MCALILEY, slip op. at 3 (S.D. Fla. Dec. 5, 2006); Hussein v. Gonzales, 474 F. Supp. 2d 1265, 1268 (M.D. Fla. 2007); Manzoor v. Chertoff, 472 F. Supp. 2d 801, 807 (E.D. Va. 2007); El-Daour v. Chertoff, 417 F. Supp. 2d 679 (W.D. Pa. 2005). Accordingly, the Court finds that it has jurisdiction to hear this case.[1]

## REMEDY

Having asserted jurisdiction, the Court must now fashion an appropriate remedy. Pursuant to section 1447(b), the Court may either "determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b). Therefore, the Court must decide whether to hear the merits of Plaintiff's naturalization application or remand the case to the USCIS for further proceedings. See id. Defendants urge the Court to remand the matter. Should Plaintiff be dissatisfied with the USCIS decision, she may return to this Court, after exhaustion of her administrative remedies, for a *de novo* determination. 8 C.F.R. § 336.9(d).

Plaintiff agrees that the Court should remand the matter to USCIS "with appropriate

---

[1] Because the Court exercises jurisdiction pursuant to section 1447(b), it need not address whether it has jurisdiction under the *Mandamus* Act and the APA.

instructions" under 8 U.S.C. § 1447(b). While the Court notes that remanding the matter back to the very agency from which Plaintiff is seeking relief is far from ideal, the Court elects to follow the majority of courts, including this one, which have remanded similar cases back to the USCIS for a final determination.[2] See Silebi De Donado, 486 F. Supp. 2d 1360; Rodriguez v. Gonzales, No. 07-20022-CIV-UNGARO, slip op. at 4 (S.D. Fla. Mar. 20, 2007); Garcia v. Gonzales, No. 06-22386-CIV-LENARD/TORRES, slip op. at 5-6 (S.D. Fla. Dec. 22, 2006); Machado v. Gonzales, No. 06-22202-CIV-DIMITROULEAS, slip op. at 4 (S.D. Fla. Dec. 19, 2006); Malakhov v. U.S. Citizenship & Immigration Servs., No. 06-22299-CIV-JORDAN, slip op. at 1 (S.D. Fla. Dec. 8, 2006); Fernandez v. Gonzales, No. 06-22442-CIV-SEITZ/MCALILEY, slip op. at 3 (S.D. Fla. Dec. 5, 2006); Hussein v. Gonzales, 474 F. Supp. 2d 1265, 1268 (M.D. Fla. 2007); Manzoor v. Chertoff, 472 F. Supp. 2d 801, 807 (E.D. Va. 2007); El-Daour v. Chertoff, 417 F. Supp. 2d 679 (W.D. Pa. 2005).

In remanding the case, the Court notes that despite the excessive six-year delay in processing Plaintiff's application, he will not suffer excessive hardship, as he will be able to continue his status as a lawful permanent resident while his FBI background check is pending. However, to remand the case without setting a specific time limit for a determination would be contrary to the "appropriate instructions" demand of section 1447(b). Congress intended section 1447(b) to provide applicants with a remedy for adjudicative delays. Therefore, the Court remands this matter to the USCIS with the following instructions: (1) Defendants shall rectify the discrepancy with Plaintiff's alien number within sixty (60) days from the date of this Order and

---

[2] At this stage, the Court does not determine whether it is in a position to conduct the kind of background check contemplated by the statutory scheme, although it concedes that, in this post-9/11 world, the Department of Homeland Security likely possesses more expertise and resources to do so.

(2) shall make a determination on Plaintiff's application for naturalization within 120 days of correcting his alien number. In sum, Defendants shall adjudicate Plaintiff's application no later than 180 days from the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th day of December, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Eduardo Soto, Esq.

Marlene Rodriguez, AUSA